Case 1:21-cv-00098-TBM-RPM Document 1 Filed 03/31/21 Page 1 of 5



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 31 2021
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KAYLEIGH E. WARD, INDIVIDUALLY, AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF RYAN DONALD KLEBER, DECEASED     PLAINTIFFS

VERSUS     CAUSE NO.: 1:21cv98TBM-RPM

MEITEC, INC.     DEFENDANT

## COMPLAINT

### (JURY TRIAL REQUESTED)

COME NOW, the Plaintiffs, by and through undersigned counsel, and file this Complaint against Defendant Meitec, Inc. for negligence and other causes of action and in support thereof would show the Court as follows, to-wit:

1. Plaintiff Kayleigh E. Ward, as the wife to Ryan Donald Kleber and on behalf of his two minor children all of which are Wrongful Death Beneficiaries, is an adult resident citizen of Jackson County, Mississippi. As to the minor children, one child is a resident of Jackson County, Mississippi and the other child is a resident of the State of North Carolina.

2. Defendant Meitec, Inc. is a foreign corporation incorporated in the State of Louisiana with its principal place of business located at 2800 Veterans Memorial Blvd., Suite 260, Metairie, LA 70002. Defendant is doing business in the State of Mississippi and committed a tort in the State of Mississippi. Defendant may be served with process on its registered agent for service of process Cogency Global, Inc. located at 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201 in the time and manner prescribed by law.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under the provision of Title 28, United States Code § 1332 because there is a complete diversity of citizen ship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

4. Venue in this civil action is appropriate in this Honorable Court pursuant to Title 28, United States Code § 1391.

## FACTS AND CAUSES OF ACTION

5. At all material times herein mentioned throughout this Complaint, the negligence and/or gross negligence of the agents, servants, representatives and employees, including Eric Lee Dale, of Defendant is imputed to Defendant for which it is jointly and severally liable. Further, at all times relevant hereto, Defendant's agents, servants, representatives and employees were acting within the course and scope of their employment and/or with and for Defendant and as such Defendant is jointly and severally liable.

6. Prior to and on December 18, 2020, based on knowledge and belief, Eric Lee Dale, was an employee of Defendant. Based on knowledge and belief, as part of his employment with Defendant, Eric Lee Dale was provided a white 2017 Chevrolet pick-up titled and owned by Defendant to use and he did use for transportation purposes for his employment. In addition, based on knowledge and belief, Defendant allowed and gave permission for Eric Lee Dale to use the above pick-up for all purposes.

7. On December 18, 2020, Eric Lee Dale was operating Defendant's pick-up with permission traveling eastbound on McClellan Road in Jackson County, Mississippi. At the same time, Ryan Donald Kleber was walking on the right side of the roadway toward his home located at 98577 Comstock Ave., Vancleave, Mississippi. Eric Lee Dale did not see Mr. Kleber and struck and

2

killed Mr. Kleber, as a pedestrian, with Defendant's pick-up near the connection / intersection of McClellan Road and Mallette Drive in Jackson County, Mississippi.

8. Plaintiffs charge that Defendant, by and through its employee Eric Lee Dale, was negligent, and that said negligence and/or gross negligence caused or proximately contributed to cause the wrongful death of Ryan Donald Kleber.

9. Plaintiffs allege that Defendant, by and through its employee Eric Lee Dale, was negligent and/or grossly negligent in one or more of the following respects which caused or proximately contributed to the subject car-pedestrian collision and the wrongful death of Ryan Donald Kleber: (1) In negligently failing to control the movement and momentum of the subject vehicle; (2) In negligently failing to keep a proper lookout; (3) In negligently failing to follow the rules of the road; (4) In negligently failing to pay proper attention to the roadway; (5) In negligently operating the vehicle was reckless disregard for other persons utilizing the road; (6) In negligently striking Mr. Kleber; (7) and other negligent acts to be shown at trial.

## DAMAGES

10. By reference, each of the preceding paragraphs are adopted and made part of the foregoing as if fully incorporated herein.

11. As a direct and proximate result of the negligence and/or gross negligence of Defendant, as set forth above, Plaintiff Kayleigh E. Ward, Individually, and on behalf the Wrongful Death Beneficiaries of Ryan Donald Kleber, Deceased, suffered injuries and damages, including but not limited to: (a) Funeral and burial expenses; (b) The value of the loss of support and services of the Decedent; (c) Present case value of loss of earnings of the Decedent; (d) Loss of love, support affections, society and companionship of Decedent suffered by Plaintiffs; (e) Loss of support and earnings of Decedent and loss of future wage earning capacity, that Plaintiffs would expect for

him during his lifetime; (f) Damages for conscious pain, suffering and mental stress and anxiety that Decedent experienced as a result of his fatal injuries; (g) Loss of love of life and loss of hedonic value of life that Decedent would have enjoyed during his lifetime; (h) Present net value of life expectancy of Decedent; and (i) Punitive Damages.

12. As a direct and proximate result of Defendants' negligence, as set forth in the preceding paragraphs, Plaintiffs are entitled to and demand from Defendant the following: (a) Any and all damages set forth in the preceding paragraphs; (b) Actual damages; (c) Compensatory damages; (d) Incidental damages; (e) Punitive damages; (f) Pre-judgment and post-judgment interest in an amount allowed by law but not less than 8% per annum; (g) Attorney's fees; (h) Court costs and expenses in litigation; (i) Any and all additional damages allowed by this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Complaint be received and filed, and that Defendant Meitec, Inc. be summoned to answer this Complaint and further that upon a trial by jury in this cause, judgment be entered against Defendant, jointly and severally, for any and all actual, compensatory, incidental and punitive damages to which Plaintiff is entitled. Plaintiff further prays that they be rewarded pre-judgment and post-judgment interest in any amount allowed by law, but not less than 8% per annum; attorney's fees; court costs and expenses in litigation; and such other general relief with which they be entitled.

Respectfully submitted, this the 31st day of March, 2021.

KAYLIEGH E. WARD, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICAIRES OF RYAN DONALD KLEBER, DECEASED

BY: _____
CORBAN GUNN, (MSB #101752)

Corban Gunn, (MSB #101752)
CORBAN GUNN, PLLC
P.O. Box 1466
Biloxi, Mississippi 39533
Telephone:  (228) 284-6805
Facsimile:   (228) 284-6806
corban@corbangunn.com